UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| MICHAEL A. SOWERS and CARLYNE D. SOWERS, husband and wife,<br><br>        Plaintiffs,<br><br>        v.<br><br>NORDALE SOLOMON,<br><br>        Defendant. | No. CV-03-135-FVS<br><br>ORDER ENTERING JUDGMENT |

**THIS MATTER** came before the Court on April 4, 2005, for an evidentiary hearing. The Plaintiffs were not present but were represented by Maygan Bowman, Rule 9 Intern, and Alan McNeil. The Defendant did not participate.

The Court previously found the Defendant in default on March 17, 2005, Ct. Rec. 154, based on his failure to participate in this action. Therefore, the only remaining issue before the Court is the Plaintiffs' prayer for damages based on their claims against the Defendant for assault, battery, violation of the Washington Consumer Protection Act, RCW 19.86, and violation of the Washington Collection Agency Act, RCW 19.16.

After reviewing the record and hearing the evidence and arguments of counsel presented to the Court, the Court now makes the following Findings of Fact and Conclusions of Law.

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 1

**FINDINGS OF FACT**

1. Defendant is the owner and sole employee of Auto Investigating Services, a repossession company.

2. Defendant was hired by Lucky U Investments to repossess the Plaintiffs' vehicles.

3. On or about April 1, 2002, Defendant went to the Plaintiffs' residence at 416 E. Crown, Spokane, Washington, to repossess Plaintiffs' vehicles.

4. Defendant told Plaintiffs that Defendant was a Federal Marshal and that he was there to confiscate the Plaintiffs' vehicles.

5. Plaintiffs confronted the Defendant and resisted the repossession of their vehicles.

6. Thereafter, Defendant intentionally grabbed Mrs. Sowers by her arm and threw her to the ground, injuring her hip.

7. This incident occurred in open public in front of Plaintiffs' home.

8. Defendant threatened the Plaintiffs with arrest and severe physical harm if they did not stop resisting the repossession.

9. Defendant threatened to run the Plaintiffs over with his truck and shoot them with his gun.

10. As a result of Defendant's physical violence and repeated threats of imminent bodily harm, Plaintiffs believed the Defendant was going to inflict imminent bodily harm upon them.

11. Defendant intentionally conducted his repossession efforts in a harassing, intimidating, threatening, and embarrassing manner, by using violence, threats of continued force, and offensive

language.

12. Mrs. Sowers has a history of panic and anxiety disorders, making her particularly susceptibility to emotional injury.

13. Mrs. Sowers' medical conditions had improved significantly prior to the Defendant's violent repossession attempt. However, following the incident with the Defendant, Mrs. Sowers' condition deteriorated considerably.

14. Mrs. Sowers experienced severe emotional distress as a result of the Defendant's unlawful behavior. Specifically, Mrs. Sowers feared leaving her home, experienced loss of sleep, multiple panic attacks, headaches, nervousness, nausea, and weight loss. Eventually, Mrs. Sowers was forced to get help from medical doctors to ease her stress and depression.

15. Defendant collects money in lieu of actual repossession of the vehicle.

16. Defendant does not have a Washington State business license.

17. Plaintiffs were injured in their property when the Defendant wrongfully repossessed the Plaintiffs' 1985 Pontiac Fiero.

18. Defendant's unlawful, violent, and deceptive repossession practices affect the public interest.

19. Defendant's unlawful actions giving rise to liability and damages in this case were intentional and willful.

20. The amount of money damages that will justly compensate Plaintiffs, by way of general and special damages, for all such injuries and loses suffered as a result of Defendant's unlawful

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 3

actions, include:

    a.  $969.00 for the value of Plaintiffs' converted personal property items, which include a leather jacket valued at $174.00, Nike tennis shoes valued at $60.00, approximately 50 CDs valued at $600.00, a tool box valued at $50.00, winter snow chains valued at $35.00, a jewelry locket valued at $50.00;

    b.  $2,717.85 for the replacement cost of the 1985 Pontiac Fiero;

    c.  $1,863 for the loss of the use of the same vehicle; and

    d.  $40,000 for Plaintiffs' pain and suffering.

21.  The sum of $921.33 is a reasonable sum of money to be allowed for Plaintiffs' costs.

22.  The sum of $26,880 is a reasonable sum of money to be allowed for Plaintiffs' attorney fees.

**CONCLUSIONS OF LAW**

1.  Defendant intentionally inflicted harmful bodily contact upon Mrs. Sowers when he forcefully grabbed her arm and threw her to the ground.

2.  Defendant committed the intentional tort of battery upon the Plaintiff Mrs. Sowers.

3.  Defendant's physical violence and threats of continued bodily harm caused the Plaintiffs to fear imminent harmful bodily contact.

4.  Defendant committed the intentional tort of assault upon the

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 4

Plaintiffs.

5. Plaintiffs are entitled to recover damages for their emotional distress arising from the Defendant's intentional torts of assault and battery.

6. Because Defendant collects money in addition to providing repossession services, the Defendant's repossession practices qualify him as a "collection agency" under the Washington Collection Agency Act, found at RCW 19.16.010 and supplemented by WAC 308-29-010.

7. Defendant violated RCW 19.16.110 of the Washington Collection Agency Act by operating as a collection agency without a Washington State business license.

8. Defendant violated RCW 19.16.250(4) of the Washington Collection Agency Act by making statements that reasonably could have been construed as indicating an official connection with a federal, state, county, or city law enforcement agency while engaged in collection agency business.

9. Defendant violated RCW 19.16.250(12) of the Washington Collection Agency Act, which prohibits a collection agency from communicating with a debtor in a harassing, intimidating, threatening, or embarrassing manner, including using threats of force, violence, or offensive language.

10. Pursuant to RCW 19.16.440, Defendant's unlawful actions under the Washington Collection Agency Act constitute "unfair acts or practices in the conduct of trade or commerce" for the purposes of the Washington Consumer Protection Act.

11. Defendant's unlawful repossession practices are unfair and

deceptive practices that occurred in trade or commerce, which affects the public interest, and caused injury to Plaintiffs' property in violation of the Washington Consumer Protection Act, RCW 19.86.

12. Pursuant to the Washington Consumer Protection Act, Plaintiffs are entitled to actual damages, costs, and attorney fees. Accordingly,

**IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Default Judgment, **Ct. Rec. 180**, is **GRANTED.**
2. The District Court Executive is directed to **ENTER JUDGMENT** against Defendant in favor of Plaintiffs as follows:
   a. Plaintiffs are entitled to judgment against Defendant in the sum of $45,549.85 as damages, with interest on that amount from April 4, 2005, at the rate of 3.33% per annum.
   b. Plaintiffs are entitled to judgment against the Defendant for costs in the amount of $921.33.
   c. Plaintiffs are entitled to judgment against Defendant for attorney fees in the amount of $26,880.00.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this Order and furnish copies to counsel and the **defendant.**

**DATED** this 26th day of April, 2005.

                              s/ Fred Van Sickle
                              Fred Van Sickle
                      Chief United States District Judge

FINDINGS OF FACT AND CONCLUSIONS OF LAW - 6